# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

WEST BEND INSURANCE COMPANY,

       Plaintiff,                 Case No.  2:25-cv-285

v.

EXCEL FIRE PROTECTION COMPANY,
INC. and EASTWOOD NURSING CENTER
OF NEGAUNEE, INC.

       Defendants.

---

Jason R. Fathallah (MI P70434)
Amy J. Smith (WI 1095174)
HUSCH BLACKWELL LLP
Attorneys for Plaintiff West Bend Insurance
Company
511 North Broadway, Ste. 1100
Milwaukee, WI  53202
(414) 273-2100
jason.fathallah@huschblackwell.com
amy.smith@huschblackwell.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

There is a civil action involving some or all of these parties and arising out of the same transaction or occurrence as alleged in this Complaint, filed in Marquette County Circuit Court as Case Number 25-65424-CK and entitled *Eastwood Nursing Center of Negaunee, Inc. v. Excel Fire Protection Company, Inc.* That action remains pending.

NOW COMES Plaintiff West Bend Insurance Company ("West Bend") by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## NATURE OF ACTION

This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant Excel Fire Protection Company, Inc. ("Excel") does not provide coverage to Excel for the claims asserted in Marquette County, Michigan Case No. 25-65424-CK (the "Underlying Action") and that therefore (2) West Bend has no duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

## PARTIES

1. Plaintiff West Bend Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

2. Defendant Excel Fire Protection Company, Inc. is a foreign corporation organized under the laws of the State of South Dakota, with its principal place of business located in the City of Marquette, County of Marquette, Michigan.

3. Defendant Eastwood Nursing Center of Negaunee, Inc. ("Eastwood") is a domestic corporation organized under the laws of the State of Michigan, with its principal place of business located in the City of Negaunee, County of Marquette, Michigan. Eastwood is the plaintiff in the Underlying Action.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has the power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

7. The Underlying Action arises from an alleged contractual breach by Excel of a contract for sprinkler system work entered into by Excel and Eastwood.

8. The Underlying Action alleges that in October of 2015, Excel and Eastwood contracted for Excel to replace Eastwood's sprinkler system piping.

9. The Underlying Action further alleges that Excel represented the contracted-for work was complete as of April 19, 2016, and that, until October 2024, Excel performed regular annual inspections in which it certified that the system was operational and in good condition.

10. On October 2, 2024, the annual inspection was instead performed by Superiorland Electronic, which indicated that the visible pipes were not in good condition and had external corrosion.

11. Further, Superiorland advised Eastwood that the dry system was capped and therefore not feeding all of the attic sprinkler heads.

12. Eastwood did not pass the Superiorland inspection and thereafter contacted Excel to fix the issues, which Excel allegedly worked on intermittently between October 2024 and April 2025, after which Excel invoiced Eastwood for the work.

13. The Underlying Action alleges that on April 3, 2025, Eastwood was subject to an inspection by the Michigan Department of Regulatory Affairs, which found that Eastwood's facility was not in compliance with the requirements for nursing home sprinkler systems.

14. Eastwood was issued a citation and was required to enact a corrective action plan.

15. The Underlying Action further alleges that Eastwood retained Superiorland to remediate the issues identified by the State, paying them for work that Excel had claimed to have performed and for which it was paid by Eastwood.

16. The Underlying Action asserts four causes of action, including breach of contract, unjust enrichment, fraudulent misrepresentation, and fraudulent concealment of a claim, all related to the allegations that Excel contracted for work that it did not perform or did not perform as contracted.

17. A true and accurate copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

18. West Bend issued Commercial General Liability Policy No A905671 to Excel Fire Protection Company, Inc. for the policy period of March 11, 2025 to March 11, 2026 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit B.

19. Excel tendered the defense of the Underlying Action to West Bend pursuant to the Policy.

20. West Bend accepted the tender, pursuant to a reservation of rights, and is defending Excel in the Underlying Action.

21. The Underlying Action remains pending, and discovery is ongoing.

22. West Bend now seeks a declaration that (1) the policy of insurance West Bend issued to Excel does not provide coverage to Excel for the claims asserted in the Underlying Action and that therefore (2) West Bend has no duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

23. An actual controversy has arisen and now exists concerning West Bend's obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE WEST BEND POLICY

24. The Policy contains a Commercial General Liability coverage form which provides in relevant part as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    ***

2. **Exclusions**

    This insurance does not apply to:

    ***

    a. **Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

***

**j.      Damage to Property**

"Property damage" to:

***

(5) That particular part of real property on which you or any subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

**k.      Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.      Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.      Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

>    (1)      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

6

    (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

***

**SECTION V – DEFINITIONS**

***

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**FIRE PROTECTION AND ALARM SYSTEM ERRORS AND OMISSIONS ENDORSEMENT**

A. The following is added to Section I – Coverages: Insuring Agreement – "Fire Protection and Alarm System Design Professional Services" and "Fire Protection and Alarm System Construction"

 1. We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to "your product", "your work", or "impaired property". The damages must have been caused by a negligent act, error or omission in the performance of, or failure to perform, your "fire protection and alarm system design professional services" or your "fire protection and alarm system construction".

***

7

B. With respect to the coverage provided by this endorsement, the following exclusions apply:

This insurance does not apply to:

\*\*\*

4. Delay. Damages arising out of the delay or failure by you or anyone acting on your behalf to perform a contract or agreement on time.

5. Substitution. Damages arising out of a decision to substitute a material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

\*\*\*

15. Dishonest, Fraudulent, Criminal or Malicious Act. Damages arising out of dishonest, fraudulent, criminal or malicious acts, errors or omissions intentionally committed by or at the direction of an insured.

\*\*\*

17. Fines or Penalties. Any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

\*\*\*

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property

8

damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend.

***

## FIRST CLAIM

25. West Bend realleges and incorporates by reference Paragraphs 1-24 as if fully set forth herein.

26. The Policy's Commercial General Liability coverage form provides coverage only for "bodily injury" or "property damage" as defined in the Policy.

27. The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

28. The Underlying Action does not allege "bodily injury" or "property damage" as those terms are defined in the Policy.

29. Because the Underlying Action does not allege that Eastwood has suffered "bodily injury" or "property damage" as those terms are defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the Underlying Action.

## SECOND CLAIM

30. West Bend realleges and incorporates by reference Paragraphs 1-29 as if fully set forth herein.

31. The Policy's Commercial General Liability coverage form provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policy.

32. The Underlying Action alleges that Eastwood has incurred damages as a result of Excel's intentional efforts to defraud Eastwood.

33. Accordingly, the Underlying Action does not allege an "occurrence" as that term is defined in the Policy.

34. Because the Underlying Action does not allege that Eastwood's alleged injury has been caused by an "occurrence", as that term is defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the Underlying Action.

## THIRD CLAIM

35. West Bend realleges and incorporates by reference Paragraphs 1-34 as if fully set forth herein.

36. The Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms each contain an Expected or Intended exclusion.

37. This exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

38. The Underlying Action alleges that Excel fraudulently concealed its failure to perform the contracted-for work and could reasonably foresee that its failure to perform would cause Eastwood's alleged damages.

39. To the extent Eastwood's alleged damages were expected or intended by Excel, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Expected or

Intended exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

## FOURTH CLAIM

40. West Bend realleges and incorporates by reference Paragraphs 1-39 as if fully set forth herein.

41. The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Property exclusion.

42. This exclusion precludes coverage for "property damage" to a particular part of real property on which Excel or any subcontractors working directly or indirectly on its behalf are performing operations, if the "property damage" arises out of those operations, or to that particular part of any property that must be restored, repaired, or replaced because Excel's work was incorrectly performed on it.

43. To the extent Eastwood's alleged "property damage", if any, was to property on which Excel was working or that must be restored, repaired, or replaced because of Excel's incorrect work on it, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Damage to Property exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

## FIFTH CLAIM

44. West Bend realleges and incorporates by reference Paragraphs 1-43 as if fully set forth herein.

45. The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Product exclusion.

11

46. This exclusion precludes coverage for "property damage" to Excel's "product" arising out of it or any part of it.

47. The Underlying Action alleges that Excel provided material necessary to replace Eastwood's fire sprinkler system piping, including a wet pipe riser assembly and piping spanning up to 21 feet in length.

48. To the extent Eastwood's alleged "property damage", if any, is to Excel's "product" arising out of it or any part of it, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Product exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

## SIXTH CLAIM

49. West Bend realleges and incorporates by reference Paragraphs 1-48 as if fully set forth herein.

50. The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Work exclusion.

51. This exclusion precludes coverage for "property damage" to Excel's "work" arising out of it or any part of it and included in the "products-completed operations hazard".

52. The Underlying Action alleges that Excel's work was poorly performed or not performed pursuant to the contractual obligations.

53. To the extent Eastwood's alleged "property damage", if any, is to and arises out of Excel's work, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Work exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

## SEVENTH CLAIM

54. West Bend realleges and incorporates by reference Paragraphs 1-53 as if fully set forth herein.

55. The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Impaired Property or Property Not Physically Injured exclusion.

56. This exclusion precludes coverage for "property damage" to "impaired property" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work".

57. To the extent Eastwood alleges "property damage" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work", coverage to Excel for the claims alleged in the Underlying Action is precluded by the Damage to Impaired Property or Property Not Physically Injured exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

## EIGHTH CLAIM

58. West Bend realleges and incorporates by reference Paragraphs 1-57 as if fully set forth herein.

59. The Commercial General Liability coverage form of the Policy contains a Fire Protection and Alarm System Errors & Omissions Endorsement (the "Endorsement").

60. The Endorsement expands coverage under the Commercial General Liability coverage form to include coverage for "property damage" to "your product", "your work", or "impaired property" and caused by a negligent act, error, or omission in the performance of or failure to perform fire protection and alarm system design or construction.

61. The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

62. Because the Underlying Action does not allege "property damage" to "your product", "your work", or "impaired property", there is no coverage under the Endorsement for the claims alleged against Excel in the Underlying Action.

## NINTH CLAIM

63. West Bend realleges and incorporates by reference Paragraphs 1-62 as if fully set forth herein.

64. The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Delay exclusion.

65. This exclusion precludes coverage for "property damage" arising out of the delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement on time.

66. The Underlying Action alleges that although Excel certified it performed the contracted-for work timely, that portion of the work was never performed.

67. To the extent the Underlying Action alleges "property damage" arising out of Excel's delay, coverage to Excel for the claims alleged in the Underlying Action under the Endorsement is precluded by the Delay exclusion.

## TENTH CLAIM

68. West Bend realleges and incorporates by reference Paragraphs 1-67 as if fully set forth herein.

69. The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Substitution exclusion.

70. This exclusion precludes coverage for "property damage" arising out of a decision to substitute a material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

71. The Underlying Action alleges that Excel did not perform the work as outlined in the contract, including capping portions of the dry system rather than ensuring coverage to all attic sprinkler heads.

72. To the extent the Underlying Action alleges "property damage" arising out of Excel's substitution of materials, coverage to Excel for the claims alleged in the Underlying Action under the Endorsement is precluded by the Substitution exclusion.

## **ELEVENTH CLAIM**

73. West Bend realleges and incorporates by reference Paragraphs 1-72 as if fully set forth herein.

74. The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Dishonest, Fraudulent, Criminal, or Malicious Acts exclusion.

75. This exclusion precludes coverage for "property damage" arising out of such acts, errors, or omissions intentionally committed by or at the direction of an insured.

76. The Underlying Action alleges that Excel fraudulently misrepresented completion of the contracted-for work and suppressed the truth of the status of the work with an intention to defraud Eastwood.

15

77. To the extent the Underlying Action alleges "property damage" arising out of, *inter alia*, fraudulent or malicious acts, coverage under the Endorsement is precluded by the Dishonest, Fraudulent, Criminal or Malicious Acts exclusion.

## TWELFTH CLAIM

78. West Bend realleges and incorporates by reference Paragraphs 1-77 as if fully set forth herein.

79. The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement. contains a Fines and Penalties exclusion.

80. This exclusion precludes coverage for any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

81. The Underlying Action alleges that Eastwood was issued a citation by the State of Michigan and incurred costs to implement a remediation plan.

82. To the extent the Underlying Action alleges that such fines or penalties are subsequently passed along to or assessed against Excel, coverage for the same is precluded by the Fines and Penalties exclusion.

## THIRTEENTH CLAIM

83. West Bend realleges and incorporates by reference Paragraphs 1-82 as if fully set forth herein.

84. The Policy's Commercial Umbrella Liability coverage form provides payment on behalf of an insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage".

85. To the extent Excel is not obligated to pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", the Commercial Liability Umbrella Coverage form of

16

the Policy does not provide coverage to Excel for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

WHEREFORE, West Bend respectfully requests that this Court grant the following relief in its favor:

A. Declare the Policy does not provide coverage to Defendant Excel for the claims asserted in the Underlying Action and therefore West Bend has no duty to defend or indemnify Defendant Excel in the Underlying Action;

B. Award West Bend its costs, disbursements, and fees as permitted by law; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated this 2nd day of December, 2025.

      Respectfully submitted,

*Electronically signed by Jason R. Fathallah*
Jason R. Fathallah (MI P70434)
Amy J. Smith (WI 1095174)
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI  53202
Phone: (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com
      amy.smith@huschblackwell.com

*Attorneys for Plaintiff*
*West Bend Insurance Company*