IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| WEST BEND INSURANCE COMPANY, | ) | |
| | ) | Case No.: 2:25-cv-285 |
| Plaintiff, | ) | Hon. Hala Y. Jarbou |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXCEL FIRE PROTECTION COMPANY, | ) | |
| INC., and EASTWOOD NURSING CENTER | ) | |
| OF NEGAUNEE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EASTWOOD NURSING CENTER OF NEGAUNEE, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Eastwood Nursing Center of Negaunee, Inc. ("**Eastwood**"),

by and through their attorneys, Numinen, DeForge & Toutant, P.C., and for their Answer to

Plaintiff's Complaint states as follows:

**NATURE OF ACTION**

This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West

Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant Excel

Fire Protection Company, Inc. ("Excel") does not provide coverage to Excel for the claims

asserted in Marquette County, Michigan Case No. 25-65424-CK (the "Underlying Action") and

that therefore (2) West Bend has no duty to defend or indemnify Excel against the claims

asserted in the Underlying Action.

**ANSWER: Answering the "Nature of Action" paragraph, Eastwood agrees that the nature**

**of this dispute involves an insurance coverage dispute involving Excel's insurance coverage**

**for the Underlying Action. However, whether there is coverage and a duty to defend is to be determined by this action.**

**PARTIES**

1.      Plaintiff West Bend Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

**ANSWER: Answering Paragraph 1, Eastwood neither admits nor denies the allegations contained in Paragraph 1 insofar as they lack knowledge to form a belief as to the truth thereof and leave Plaintiff to its proofs.**

2.      Defendant Excel Fire Protection Company, Inc. is a foreign corporation organized under the laws of the State of South Dakota, with its principal place of business located in the City of Marquette, County of Marquette, Michigan.

**ANSWER: Answering Paragraph 2, upon information and belief, the allegations are admitted.**

3.      Defendant Eastwood Nursing Center of Negaunee, Inc. ("Eastwood") is a domestic corporation organized under the laws of the State of Michigan, with its principal place of business located in the City of Negaunee, County of Marquette, Michigan. Eastwood is the plaintiff in the Underlying Action.

**ANSWER: Answering Paragraph 3, the allegations are admitted.**

## JURISDICTION AND VENUE

4.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Answering Paragraph 4, the allegations are admitted. Eastwood does not contest jurisdiction.**

5.      This Court has the power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

**ANSWER: Answering Paragraph 5, the allegations are admitted.**

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**ANSWER: Answering Paragraph 6, the allegations are admitted. Eastwood does not contest venue.**

## BACKGROUND

7.      The Underlying Action arises from an alleged contractual breach by Excel of a contract for sprinkler system work entered into by Excel and Eastwood.

**ANSWER: Answering Paragraph 7, the allegations are admitted in part and denied in part. Eastwood admits the Underlying Action arises from an alleged contractual breach by Excel of a contract for sprinkler system work but denies the allegations insofar as the Underlying Action also alleges unjust enrichment, fraudulent misrepresentation, and fraudulent concealment of claim (MCL 600.5855).**

8.    The Underlying Action alleges that in October of 2015, Excel and Eastwood contracted for Excel to replace Eastwood's sprinkler system piping.

**ANSWER: Answering Paragraph 8, the allegations are admitted in part and denied in part. Eastwood admits the Underlying Action alleges that, in October of 2015, Excel and Eastwood contracted for Excel to replace Eastwood's sprinkler system piping but denies the allegations insofar as the Underlying Action also alleges additional causes of action and the at-issue contract expands beyond simply replacing Eastwood's sprinkler system piping.**

9.    The Underlying Action further alleges that Excel represented the contracted-for work was complete as of April 19, 2016, and that, until October 2024, Excel performed regular annual inspections in which it certified that the system was operational and in good condition.

**ANSWER: Answering Paragraph 9, the allegations are admitted.**

10.    On October 2, 2024, the annual inspection was instead performed by Superiorland Electronic, which indicated that the visible pipes were not in good condition and had external corrosion.

**ANSWER: Answering Paragraph 10, the allegations are admitted.**

11.    Further, Superiorland advised Eastwood that the dry system was capped and therefore not feeding all of the attic sprinkler heads.

**ANSWER: Answering Paragraph 11, the allegations are admitted.**

12.    Eastwood did not pass the Superiorland inspection and thereafter contacted Excel to fix the issues, which Excel allegedly worked on intermittently between October 2024 and April 2025, after which Excel invoiced Eastwood for the work.

**ANSWER: Answering Paragraph 12, the allegations are admitted.**

13.     The Underlying Action alleges that on April 3, 2025, Eastwood was subject to an inspection by the Michigan Department of Regulatory Affairs, which found that Eastwood's facility was not in compliance with the requirements for nursing home sprinkler systems.

**ANSWER: Answering Paragraph 13, the allegations are admitted.**

14.     Eastwood was issued a citation and was required to enact a corrective action plan.

**ANSWER: Answering Paragraph 14, the allegations are admitted.**

15.     The Underlying Action further alleges that Eastwood retained Superiorland to remediate the issues identified by the State, paying them for work that Excel had claimed to have performed and for which it was paid by Eastwood.

**ANSWER: Answering Paragraph 15, the allegations are admitted.**

16.     The Underlying Action asserts four causes of action, including breach of contract, unjust enrichment, fraudulent misrepresentation, and fraudulent concealment of a claim, all related to the allegations that Excel contracted for work that it did not perform or did not perform as contracted.

**ANSWER: Answering Paragraph 16, the allegations are admitted.**

17.     A true and accurate copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

**ANSWER: Answering Paragraph 17, the allegations are admitted with the exception that the Complaint in the Underlying Action that has been attached to Plaintiff's Complaint in the instant action does not contain exhibit dividers.**

18.      West Bend issued Commercial General Liability Policy No A905671 to Excel Fire Protection Company, Inc. for the policy period of March 11, 2025, to March 11, 2026 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit B.

**ANSWER: Answering Paragraph 18, the allegations are denied insofar as the Policy attached as Exhibit B speaks for itself.**

19.      Excel tendered the defense of the Underlying Action to West Bend pursuant to the policy.

**ANSWER: Answering Paragraph 19, the allegations are neither admitted nor denied in that Eastwood lacks knowledge to form a belief as to the truth thereof and leaves Plaintiff to their proofs.**

20.      West Bend accepted the tender, pursuant to a reservation of rights, and is defending Excel in the Underlying Action.

**ANSWER: Answering Paragraph 20, the allegations are neither admitted nor denied in that Eastwood lacks knowledge to form a belief as to the truth thereof and leaves Plaintiff to their proofs.**

21.      The Underlying Action remains pending, and discovery is ongoing.

**ANSWER: Answering Paragraph 21, the allegations are admitted.**

22.    West Bend now seeks a declaration that (1) the policy of insurance West Bend issued to Excel does not provide coverage to Excel for the claims asserted in the Underlying Action and that therefore (2) West Bend has no duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

**ANSWER: Answering Paragraph 22, it is admitted that West Bend seeks the relief stated. However, it is not admitted that West Bend is entitled to the relief stated.**

23.    An actual controversy has arisen and now exists concerning West Bend's obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

**ANSWER: Answering Paragraph 23, the allegations are admitted.**

**THE WEST BEND POLICY**

24.    The Policy contains a Commercial General Liability coverage form which provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*\*\*

## 2.  Exclusions

This insurance does not apply to:

\*\*\*

### a.  Expected or Intended Injury

\*\*\*

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*\*\*

### j.  Damage to Property

"Property damage" to:

\*\*\*

(5) That particular part of real property on which you or any subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

### k.  Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

### l.  Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" .

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### m.  Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or " your work"; or

8

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

***

**SECTION V – DEFINITIONS**

***

17. "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**FIRE PROTECTION AND ALARM SYSTEM ERRORS AND OMISSIONS ENDORSEMENT**

A.  The following is added to Section I – Coverages: Insuring Agreement – "Fire Protection and Alarm System Design Professional Services" and "Fire Protection and Alarm System Construction"

1.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to "your product" , "your work" , or "impaired property". The damages must have been caused by a negligent act, error or omission in the performance of, or failure to perform, your "fire protection and alarm system design professional services" or your "fire protection and alarm system construction".

***

B.  With respect to the coverage provided by this endorsement, the following exclusions apply:

This insurance does not apply to:

***

4. Delay. Damages arising out of the delay or failure by you or anyone acting on your behalf to perform a contract or agreement on time.

9

5. Substitution. Damages arising out of a decision to substitute a material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

*\*\**

15. Dishonest, Fraudulent, Criminal or Malicious Act. Damages arising out of dishonest, fraudulent, criminal or malicious acts, errors or omissions intentionally committed by or at the direction of an insured.

*\*\**

17. Fines or Penalties. Any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

*\*\**

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

## SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement

    a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend.

*\*\**

**ANSWER: Answering Paragraph 24, including any and all subparts thereto, the allegations are denied insofar as the Policy speaks for itself and discovery and the**

**determination of this case is anticipated to resolve whether the above-quoted portion of the Policy is all that has a bearing on the disposition of this action "in relevant part."**

## FIRST CLAIM

25. West Bend realleges and incorporates by reference Paragraphs 1-24 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

26. The Policy's Commercial General Liability Coverage Form provides coverage only for "bodily injury" or "property damage" as defined in the Policy.

**ANSWER: Answering Paragraph 26, the allegations are denied insofar as the Policy speaks for itself.**

27. The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

**ANSWER: Answering Paragraph 27, the allegations are admitted.**

28. The Underlying Action does not allege "bodily injury" or "property damage" as those terms are defined in the Policy.

**ANSWER: Answering Paragraph 28, the allegations are admitted in part and denied in part. Eastwood admits the Underlying Action does not allege bodily injury. Eastwood denies whether "property damage" as defined in the Policy occurred insofar as Eastwood did lose the use of significant portions of its fire suppression system.**

29.    Because the Underlying Action does not allege that Eastwood has suffered "bodily injury" or "property damage" as those terms are defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the Underlying Action.

**ANSWER: Answering Paragraph 29, the allegations are denied insofar as the loss of use of significant portions of Eastwood's fire suppression system, and that those same portions may be considered to have been physically injured. Discovery in the Underlying Action is anticipated to identify the nature of the damage to Eastwood's fire suppression system.**

## SECOND CLAIM

30.    West Bend realleges and incorporates by reference Paragraphs 1-29 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

31.    The Policy's Commercial General Liability coverage form provides coverage only for "bodily injury" and "property damage" caused by an "occurrence" as defined in the Policy.

**ANSWER: Answering Paragraph 31, the allegations are denied insofar as the Policy speaks for itself.**

32.    The Underlying Action alleges that Eastwood has incurred damages as a result of Excel's intentional efforts to defraud Eastwood.

**ANSWER: Answering Paragraph 32, the allegations are admitted in part, that fraudulent misrepresentation is alleged in the Underlying Action. However, the allegation is denied**

**the Underlying action does not solely allege fraudulent misrepresentation—additional allegations were made and are discussed above.**

33.    Accordingly, the Underlying Action does not allege an "occurrence" as that term is defined in the Policy.

**ANSWER: Answering Paragraph 33, the allegations are neither admitted nor denied insofar as Eastwood lacks knowledge to form a belief as to the truth thereof and leaves Plaintiff to its proofs; it may be determined that Excel's actions meet the definition of an occurrence under the Policy.**

34.    Because the Underlying Action does not allege that Eastwood's alleged injury has been caused by an "occurrence", as that term is defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the Underlying Action.

**ANSWER: Answering Paragraph 34, the allegations are neither admitted nor denied insofar as Eastwood lacks knowledge to form a belief as to the truth thereof and leaves Plaintiff to its proofs; it may be determined that Excel's actions meet the definition of an occurrence under the Policy insofar as Excel's actions did result in continuous or repeated exposure to general harmful conditions such as a non-functional fire suppression system.**

### THIRD CLAIM

35.    West Bend realleges and incorporates by reference Paragraphs 1-34 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

36.    The Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms each contain and Expected or Intended exclusion.

**ANSWER: Answering Paragraph 36, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

37.    This exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**ANSWER: Answering Paragraph 37, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

38.    The Underlying Action alleges that Excel fraudulently concealed its failure to perform the contracted-for work and could reasonably foresee that its failure to perform would cause Eastwood's alleged damages.

**ANSWER: Answering Paragraph 38, the allegations are admitted insofar as to Count III of Eastwood's Complaint in the Underlying Action.**

39.    To the extent Eastwood's alleged damages were expected or intended by Excel, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Expected or Intended exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER: Answering Paragraph 39, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## FOURTH CLAIM

40.     West Bend realleges and incorporates by reference Paragraphs 1-39 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

41.     The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Property exclusion.

**ANSWER: Answering Paragraph 41, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

42.     This exclusion precludes coverage for "property damage" to a particular part of real property on which Excel or any subcontractors working directly or indirectly on its behalf are performing operations, if the "property damage" arises out of those operations, or to that particular part of any property that must be restored, repaired, or replaced because Excel's work was incorrectly performed on it.

**ANSWER: Answering Paragraph 42, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

43.     To the extent Eastwood's alleged "property damage", if any, was to property on which Excel was working or that must be restored, repaired, or replaced because of Excel's incorrect work on it, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Damage to Property exclusion in the Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms.

**<u>ANSWER:</u> Answering Paragraph 37, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## <u>FIFTH CLAIM</u>

44.     West Bend realleges and incorporates by reference Paragraphs 1-43 as if fully set forth herein.

**<u>ANSWER:</u> Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

45.     The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Product exclusion.

**<u>ANSWER:</u> Answering Paragraph 37, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

46.     This exclusion precludes coverage for "property damage" to Excel's "product" arising out of it or any part of it.

**<u>ANSWER:</u> Answering Paragraph 37, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

47. The Underlying Action alleges that Excel provided material necessary to replace Eastwood's fire sprinkler system piping, including a wet pipe riser assembly and piping spanning up to 21 feet in length.

**ANSWER: Answering Paragraph 47, the allegations are admitted.**

48. To the extent Eastwood's alleged "property damage", if any, is to Excel's "product" arising out of it or any part of it, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Product exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER: Answering Paragraph 48, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply and whether the work performed meets the definition of the term "product" under the Policy.**

## SIXTH CLAIM

49. West Bend realleges and incorporates by reference Paragraphs 1-48 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

50. The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Work exclusion.

**ANSWER: Answering Paragraph 50, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

17

51.     This exclusion precludes coverage for "property damage" to Excel's "work" arising out of it or any part of it and included in the "products-completed operations hazard".

**ANSWER: Answering Paragraph 37, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

52.     The Underlying Action alleges that Excel's work was poorly performed or not performed pursuant to the contractual obligations.

**ANSWER: Answering Paragraph 52, the allegations are admitted.**

53.     To the extent Eastwood's alleged "property damage", if any, is to and arises out of Excel's work, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Work exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER: Answering Paragraph 53, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## SEVENTH CLAIM

54.     West Bend realleges and incorporates by reference Paragraphs 1-53 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

55.     The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Impaired Property or Property Not Physically Injured Exclusion.

**ANSWER: Answering Paragraph 55, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

56.     This exclusion precludes coverage for "property damage" to "impaired property" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work".

**ANSWER: Answering Paragraph 56, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves.**

57.     To the extent Eastwood alleges "property damage" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work", coverage to Excel for the claims alleged in the Underling Action is precluded by the Damage to Impaired Property or Property Not Physically Injured exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER: Answering Paragraph 57, the allegations are denied insofar as the Policy and/or coverage form(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## EIGHTH CLAIM

58.     West Bend realleges and incorporates by reference Paragraphs 1-57 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

59.     The Commercial General Liability coverage form of the Policy contains a Fire Protection and Alarm System Errors & Omissions Endorsement (the "Endorsement").

**ANSWER: Answering Paragraph 59, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

60.     The Endorsement expands coverage under the Commercial General Liability coverage form to include coverage for "property damage" to "your product", "your work", or "impaired property" and caused by a negligent act, error, or omission in the performance of or failure to perform fire protection alarm system design or construction.

**ANSWER: Answering Paragraph 60, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

61.     The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

**ANSWER: Answering Paragraph 61, the allegations are admitted.**

62.    Because the Underlying Action does not allege "property damage" to "your product" , "your work", or "impaired property", there is no coverage under the Endorsement for the claims alleged against Excel in the Underlying Action.

**ANSWER: Answering Paragraph 62, Eastwood admits the Underlying Action does not allege property damage. As to the remainder of the allegations contained in Paragraph 62, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## NINTH CLAIM

63.    West Bend realleges and incorporates by reference Paragraphs 1-62 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

64.    The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Delay exclusion.

**ANSWER: Answering Paragraph 64, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

65.    This exclusion precludes coverage for "property damage" arising out of the delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement on time.

**ANSWER: Answering Paragraph 65, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

21

66.    The Underlying Action alleges that although Excel certified it performed the contracted-for work timely, that portion of the work was never performed.

**ANSWER: Answering Paragraph 66, the allegations are admitted.**

67.    To the extent the Underlying Action alleges "property damage" arising out of Excel's delay, coverage to Excel for the claims alleged in the Underlying Action under the Endorsement is precluded by the Delay exclusion.

**ANSWER: Answering Paragraph 67, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## TENTH CLAIM

68.    West Bend realleges and incorporates by reference Paragraphs 1-67 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

69.    The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Substitution exclusion.

**ANSWER: Answering Paragraph 69, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

70.    This exclusion precludes coverage for "property damage" arising out of a decision to substitute material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

22

**ANSWER: Answering Paragraph 70, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

71.     The Underlying Action alleges that Excel did not perform the work as outlined in the contract, including capping portions of the dry system rather than ensuring coverage to all attic sprinkler heads.

**ANSWER: Answering Paragraph 71, the allegations are admitted.**

72.     To the extent the Underlying Action alleges "property damage" arising out of Excel's substitution of materials, coverage to Excel for the claims alleged in the Underling Action under the Endorsement is precluded by the Substitution exclusion.

**ANSWER: Answering Paragraph 72, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## ELEVENTH CLAIM

73.     West Bend realleges and incorporates by reference Paragraphs 1-72 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

74.     The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Dishonest, Fraudulent, Criminal, or Malicious Acts exclusion.

**ANSWER: Answering Paragraph 74, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

75.    This exclusion precludes coverage for "property damage" arising out of such acts, errors, or omissions intentionally committed by or at the direction of an insured.

**ANSWER: Answering Paragraph 75, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

76.    The Underlying Action alleges that Excel fraudulently misrepresented completion of the contracted-for work and suppressed the truth of the status of the work with the intention to defraud Eastwood.

**ANSWER: Answering Paragraph 76, the allegations are admitted.**

77.    To the extent the Underlying Action alleges "property damage" arising out of, *inter alia*, fraudulent or malicious acts, coverage under the Endorsement is precluded by the Dishonest, Fraudulent, Criminal or Malicious Acts exclusion.

**ANSWER: Answering Paragraph 77, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

## TWELFTH CLAIM

78.    West Bend realleges and incorporates by reference Paragraphs 1-77 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

79.    The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Fines and Penalties exclusion.

**ANSWER: Answering Paragraph 79, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

80.     This exclusion precludes coverage for any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

**ANSWER: Answering Paragraph 80, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

81.     The Underlying Action alleges that Eastwood was issued a citation by the State of Michigan and incurred costs to implement a remediation plan.

**ANSWER: Answering Paragraph 81, the allegations are admitted.**

82.     To the extent the Underlying Action alleges that such fines or penalties are subsequently passed along to or assessed against Excel, coverage for the same is precluded by the Fines and Penalties exclusion.

**ANSWER: Answering Paragraph 82, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply.**

### THIRTEENTH CLAIM

83.     West Bend realleges and incorporates by reference Paragraphs 1-82 as if fully set forth herein.

**ANSWER: Eastwood repeats and realleges all preceding paragraphs by reference as though fully stated herein.**

84.    The Policy's Commercial Umbrella Liability coverage for provides payment on behalf of an insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage".

**ANSWER: Answering Paragraph 84, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves.**

85.    To the extent Excel is not obligated to pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", the Commercial Liability Umbrella Coverage form of the Policy does not provide coverage to Excel for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

**ANSWER: Answering Paragraph 85, the allegations are denied insofar as the Policy, coverage form(s), and Endorsement(s) speak for themselves and discovery and the proofs in this action is expected to determine whether the exclusion does apply and whether Plaintiff has a duty to defend.**

WHEREFORE, Eastwood respectfully requests that this Court enter a judgment of no cause of action with costs, including reasonable attorney fees to the extent available, and award Eastwood any and all additional relief available at law or equity.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

Dated: February 18, 2026                    s/ Phillip B. Toutant

_____

PHILLIP B. TOUTANT (P72992)
Attorneys for Eastwood
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| WEST BEND INSURANCE COMPANY, | ) | |
| | ) | Case No.: 2:25-cv-285 |
| Plaintiff, | ) | Hon. Hala Y. Jarbou |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXCEL FIRE PROTECTION COMPANY, | ) | |
| INC., and EASTWOOD NURSING CENTER | ) | |
| OF NEGAUNEE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EASTWOOD NURSING CENTER OF NEGAUNEE, INC.'S AFFIRMATIVE DEFENSES

NOW COMES Defendant Eastwood Nursing Center of Negaunee, Inc. ("**Eastwood**"), by and through their attorneys, Numinen, DeForge & Toutant, P.C., and for their Affirmative Defenses states as follows:

1.      Some or all of Plaintiff's claims fail to state a claim for which relief can be granted.

2.      Some or all of Plaintiff's claims fail due to the pending Underlying Action.

3.      Some or all of Plaintiff's claims fail under the doctrine of abstention.

4.      Some or all of Plaintiff's claims fail because Eastwood is not a necessary party.

5.      Some or all of Plaintiff's claims fail as the allegations in Plaintiff's Complaint are not ripe for determination.

6.      Some or all of Plaintiff's claims fail as Eastwood may not be the real party in interest.

Eastwood reserves the right to assert any and all other affirmative or other defenses that may become available or known during the pendency of this matter as permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Eastwood respectfully requests that this Court enter a judgment of no cause of action with costs, including reasonable attorney fees to the extent available, and award Eastwood any and all additional relief available at law or equity.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

Dated: February 18, 2026　　　　　　　　　　s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorneys for Eastwood
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

2