UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

WEST BEND INSURANCE COMPANY,

        Plaintiff,

v.

EXCEL FIRE PROTECTION COMPANY, INC.
and EASTWOOD NURSING CENTER OF
NEGAUNEE, INC.,

        Defendant.

Case No.: 2:25-cv-00285

Honorable Hala Y. Jarbou

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Excel Fire Protection Company, Inc., through counsel, submits its Answer and

Affirmative Defenses as follows:

### PARTIES

1.      Plaintiff West Bend Insurance Company is a Wisconsin citizen and an insurance

company organized under the laws of the State of Wisconsin, with its principal place of business

located in the City of West Bend, Washington County, Wisconsin.

**ANSWER:  Admitted, upon information and belief.**

2.      Defendant Excel Fire Protection Company, Inc. is a foreign corporation organized

under the laws of the State of South Dakota, with its principal place of business located in the

City of Marquette, County of Marquette, Michigan.

**ANSWER:  Admitted.**

3.      Defendant Eastwood Nursing Center of Negaunee, Inc. ("Eastwood") is a

domestic corporation organized under the laws of the State of Michigan, with its principal place

of business located in the City of Negaunee, County of Marquette, Michigan. Eastwood is the plaintiff in the Underlying Action.

**ANSWER:  Admitted, upon information and belief.**

**JURISDICTION AND VENUE**

4.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:  Admitted only to the extent that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332.  Excel denies that Plaintiff is entitled to any claimed amounts or the relief requested.**

5.      This Court has the power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

**ANSWER:  Admitted only to the extent that Plaintiff purports to seek relief pursuant to 28 U.S.C. § 2201. Excel denies that Plaintiff is entitled to the relief requested.**

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**ANSWER:  Admitted to the extent Excel does not contest venue for purposes of this action.**

**BACKGROUND**

7.      The Underlying Action arises from an alleged contractual breach by Excel of a contract for sprinkler system work entered into by Excel and Eastwood.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

8.      The Underlying Action alleges that in October of 2015, Excel and Eastwood contracted for Excel to replace Eastwood's sprinkler system piping.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

9.      The Underlying Action further alleges that Excel represented the contracted-for work was complete as of April 19, 2016, and that, until October 2024, Excel performed regular annual inspections in which it certified that the system was operational and in good condition.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

10.      On October 2, 2024, the annual inspection was instead performed by Superiorland Electronic, which indicated that the visible pipes were not in good condition and had external corrosion.

**ANSWER:  Excel lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same. In further answer, to the extent the allegations arise out of the underlying action, the Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

11.      Further, Superiorland advised Eastwood that the dry system was capped and therefore not feeding all of the attic sprinkler heads.

**ANSWER:  Excel lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 related to what Superiorland advised Eastwood and therefore denies the same. In further answer, to the extent the allegations arise out of the underlying action, the Complaint in the underlying action speaks for itself, and any**

**characterization to the contrary is denied. Excel admits only that certain portions of the system were capped but denies Plaintiff's characterization of the circumstances or implications of that work. Excel denies any allegation of wrongdoing.**

12.     Eastwood did not pass the Superiorland inspection and thereafter contacted Excel to fix the issues, which Excel allegedly worked on intermittently between October 2024 and April 2025, after which Excel invoiced Eastwood for the work.

**ANSWER:  Excel admits only that it performed work for Eastwood during the referenced time period but denies the remaining allegations and any implication of wrongdoing.**

13.     The Underlying Action alleges that on April 3, 2025, Eastwood was subject to an inspection by the Michigan Department of Regulatory Affairs, which found that Eastwood's facility was not in compliance with the requirements for nursing home sprinkler systems.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

14.     Eastwood was issued a citation and was required to enact a corrective action plan.

**ANSWER:  Excel lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same. In further answer, to the extent the allegations arise out of the underlying action, the Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

15.     The Underlying Action further alleges that Eastwood retained Superiorland to remediate the issues identified by the State, paying them for work that Excel had claimed to have performed and for which it was paid by Eastwood.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

16.     The Underlying Action asserts four causes of action, including breach of contract, unjust enrichment, fraudulent misrepresentation, and fraudulent concealment of a claim, all related to the allegations that Excel contracted for work that it did not perform or did not perform as contracted.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

17.     A true and accurate copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

**ANSWER:  Admitted that Plaintiff purports to attach a complaint from the underlying action as Exhibit A.**

18.     West Bend issued Commercial General Liability Policy No A905671 to Excel Fire Protection Company, Inc. for the policy period of March 11, 2025 to March 11, 2026 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit B.

**ANSWER:  Excel admits that Plaintiff issued a policy of insurance to Excel for the referenced period and that Plaintiff purports to attach a copy of the policy as Exhibit B. Excel denies that the policy language is accurately or completely quoted herein except as expressly set forth in the applicable policy itself.**

19.     Excel tendered the defense of the Underlying Action to West Bend pursuant to the Policy.

**ANSWER:  Admitted.**

20.     West Bend accepted the tender, pursuant to a reservation of rights, and is defending Excel in the Underlying Action.

**ANSWER:  Admitted.**

21.     The Underlying Action remains pending, and discovery is ongoing.

**ANSWER:  Admitted.**

22.     West Bend now seeks a declaration that (1) the policy of insurance West Bend issued to Excel does not provide coverage to Excel for the claims asserted in the Underlying Action and that therefore (2) West Bend has no duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

**ANSWER:  Admitted only to the extent that Plaintiff is seeking declaratory relief in this action. The remaining allegations in Paragraph 22 are denied and Excel further denies that Plaintiff is entitled to the relief requested.**

23.     An actual controversy has arisen and now exists concerning West Bend's obligations under the Policy, which merits a determination of rights of the parties by this court pursuant to 28 U.S.C. § 2201.

**ANSWER:  Admitted only to the extent that Plaintiff is seeking relief pursuant to 28 U.S.C. § 2201. The remaining allegations in Paragraph 23 are denied and Excel further denies that Plaintiff is entitled to the relief requested.**

<u>**THE WEST BEND POLICY**</u>

24.     The Policy contains a Commercial General Liability coverage form which provides in relevant part as follows:

6

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

***

**2.      Exclusions**

This insurance does not apply to:

***

**a.      Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

***

**j.      Damage to Property**

"Property damage" to:

***

(5)      That particular part of real property on which you or any subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

7

(6)     That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

**k.      Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.       Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.     Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on Mit    your behalf to perform a contract or
agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

***

**SECTION V - DEFINITIONS**

* * *

17. "Property damage" means:

8

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

## FIRE PROTECTION AND ALARM SYSTEM ERRORS AND OMISSIONS ENDORSEMENT

A. The following is added to Section I — Coverages: Insuring Agreement — "Fire Protection and Alarm System Design Professional Services" and "Fire Protection and Alarm System Construction"

1. We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to "your product", "your work", or "impaired property". The damages must have been caused by a negligent act, error or omission in the performance of, or failure to perform, your "fire protection and alarm system design professional services" or your "fire protection and alarm system construction".

B. With respect to the coverage provided by this endorsement, the following exclusions apply:

This insurance does not apply to:

\*\*\*

4. Delay. Damages arising out of the delay or failure by you or anyone acting on your behalf to perform a contract or agreement on time.

5. Substitution. Damages arising out of a decision to substitute a material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

\*\*\*

15. Dishonest, Fraudulent, Criminal or Malicious Act. Damages arising out of dishonest, fraudulent, criminal or malicious acts, errors or omissions intentionally committed by or at the direction of an insured.

\*\*\*

9

17. Fines or Penalties. Any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

\*\*\*

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM SECTION I - COVERAGES
## COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement

a.      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend.

\*\*\*

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

## FIRST CLAIM

25.      West Bend realleges and incorporates by reference Paragraphs 1-24 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-24 as if fully set forth herein.**

26.      The Policy's Commercial General Liability coverage form provides coverage only for "bodily injury" or "property damage" as defined in the Policy.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

10

27.    The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

**ANSWER:  Denied.**

28.    The Underlying Action does not allege "bodily injury" or "property damage" as those terms are defined in the Policy.

**ANSWER:  Denied.**

29.    Because the Underlying Action does not allege that Eastwood has suffered "bodily injury" or "property damage" as those terms are defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the underlying Action.

**ANSWER:  Denied.**

## SECOND CLAIM

30.    West Bend realleges and incorporates by reference Paragraphs 1-29 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-29 as if fully set forth herein.**

31.    The Policy's Commercial General Liability coverage form provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policy.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

32.    The Underlying Action alleges that Eastwood has incurred damages as a result of Excel's intentional efforts to defraud Eastwood.

**ANSWER:  Denied.**

11

33.     Accordingly, the Underlying Action does not allege an "occurrence" as that term is defined in the Policy.

**ANSWER:  Denied.**

34.     Because the Underlying Action does not allege that Eastwood's alleged injury has been caused by an "occurrence", as that term is defined by the Policy, the Commercial General Liability coverage form does not provide coverage to Excel for the claims alleged in the Underlying Action.

**ANSWER:  Denied.**

### THIRD CLAIM

35.     West Bend realleges and incorporates by reference Paragraphs 1-34 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-34 as if fully set forth herein.**

36.     The Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms each contain an Expected or Intended exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

37.     This exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

38.     The Underlying Action alleges that Excel fraudulently concealed its failure to perform the contracted-for work and could reasonably foresee that its failure to perform would cause Eastwood's alleged damages.

**ANSWER:  Denied.**

12

39.    To the extent Eastwood's alleged damages were expected or intended by Excel, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Expected or Intended exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:  Denied.**

<u>**FOURTH CLAIM**</u>

40.    West Bend realleges and incorporates by reference Paragraphs 1-39 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-39 as if fully set forth herein.**

41.    The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Property exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

42.    This exclusion precludes coverage for "property damage" to a particular part of real property on which Excel or any subcontractors working directly or indirectly on its behalf are performing operations, if the "property damage" arises out of those operations, or to that particular part of any property that must be restored, repaired, or replaced because Excel's work was incorrectly performed on it.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

43.    To the extent Eastwood's alleged "property damage", if any, was to property on which Excel was working or that must be restored, repaired, or replaced because of Excel's incorrect work on it, coverage to Excel for the claims alleged in the Underlying Action is

precluded  by the Damage to Property exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:  Denied.**

## FIFTH CLAIM

44.    West Bend realleges and incorporates by reference Paragraphs 1-43 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-43 as if fully set forth herein.**

45.    The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Product exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

46.    This exclusion precludes coverage for "property damage" to Excel's "product" arising out of it or any part of it.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

47.    The Underlying Action alleges that Excel provided material necessary to replace Eastwood's fire sprinkler system piping, including a wet pipe riser assembly and piping spanning up to 21 feet in length.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

48.    To the extent Eastwood's alleged "property damage", if any, is to Excel's "product" arising out of it or any part of it, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Product exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

14

**ANSWER:  Denied.**

## SIXTH CLAIM

49.     West Bend realleges and incorporates by reference Paragraphs 1-48 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-48 as if fully set forth herein.**

50.     The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Your Work exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

51.     This exclusion precludes coverage for "property damage" to Excel's "work" arising out of it or any part of it and included in the "products-completed operations hazard".

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

52.     The Underlying Action alleges that Excel's work was poorly performed or not performed pursuant to the contractual obligations.

**ANSWER:  Denied.**

53.     To the extent Eastwood's alleged "property damage", if any, is to and arises out of Excel's work, coverage to Excel for the claims alleged in the Underlying Action is precluded by the Your Work exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:  Denied.**

## SEVENTH CLAIM

54.     West Bend realleges and incorporates by reference Paragraphs 1-53 as if fully set forth herein.

15

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-53 as if fully set forth herein.**

55.     The Policy's Commercial General Liability and Commercial Umbrella Liability coverage forms contain a Damage to Impaired Property or Property Not Physically Injured exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

56.     This exclusion precludes coverage for "property damage" to "impaired property" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work".

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

57.     To the extent Eastwood alleges "property damage" arising out of a defect, deficiency, inadequacy, or dangerous condition in Excel's "product" or "work", coverage to Excel for the claims alleged in the Underlying Action is precluded by the Damage to Impaired Property or Property Not Physically Injured exclusion in the Policy's Commercial General Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:  Denied.**

## EIGHTH CLAIM

58.     West Bend realleges and incorporates by reference Paragraphs 1-57 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-57 as if fully set forth herein.**

59.     The Commercial General Liability coverage form of the Policy contains a Fire Protection and Alarm System Errors & Omissions Endorsement (the "Endorsement").

16

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

60.     The Endorsement expands coverage under the Commercial General Liability coverage form to include coverage for "property damage" to "your product", "your work", or "impaired property" and caused by a negligent act, error, or omission in the performance of or failure to perform fire protection and alarm system design or construction.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

61.     The Underlying Action alleges that Excel breached a contract to perform certain work, fraudulently misrepresented completion of that work, and suppressed the truth of the status of the work with an intention to defraud Eastwood.

**ANSWER:  Denied.**

62.     Because the Underlying Action does not allege "property damage" to "your product", "your work", or "impaired property", there is no coverage under the Endorsement for the claims alleged against Excel in the Underlying Action.

**ANSWER:  Denied.**

<u>**NINTH CLAIM**</u>

63.     West Bend realleges and incorporates by reference Paragraphs 1-62 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-62 as if fully set forth herein.**

64.     The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Delay exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

17

65.     This exclusion precludes coverage for "property damage" arising out of the delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement on time.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

66.     The Underlying Action alleges that although Excel certified it performed the contracted-for work timely, that portion of the work was never performed.

**ANSWER:  Denied.**

67.     To the extent the Underlying Action alleges "property damage" arising out of Excel's delay, coverage to Excel for the claims alleged in the Underlying Action under the Endorsement is precluded by the Delay exclusion.

**ANSWER:  Denied.**

## TENTH CLAIM

68.     West Bend realleges and incorporates by reference Paragraphs 1-67 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-67 as if fully set forth herein.**

69.     The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Substitution exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

70.     This exclusion precludes coverage for "property damage" arising out of a decision to substitute a material or product specified on blueprints, work orders, contracts or engineering specifications unless there has been a written authorization.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

18

71.      The Underlying Action alleges that Excel did not perform the work as outlined in the contract, including capping portions of the dry system rather than ensuring coverage to all attic sprinkler heads.

**ANSWER:  Denied.**

72.      To the extent the Underlying Action alleges "property damage" arising out of Excel's substitution of materials, coverage to Excel for the claims alleged in the Underlying Action under the Endorsement is precluded by the Substitution exclusion.

**ANSWER:  Denied.**

### ELEVENTH CLAIM

73.      West Bend realleges and incorporates by reference Paragraphs 1-72 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-72 as if fully set forth herein.**

74.      The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement contains a Dishonest, Fraudulent, Criminal, or Malicious Acts exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

75.      This exclusion precludes coverage for "property damage" arising out of such acts, errors, or omissions intentionally committed by or at the direction of an insured.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

76.      The Underlying Action alleges that Excel fraudulently misrepresented completion of the contracted-for work and suppressed the truth of the status of the work with an intention to defraud Eastwood.

**ANSWER:  Denied.**

19

77.    To the extent the Underlying Action alleges "property damage" arising out of, inter alia, fraudulent or malicious acts, coverage under the Endorsement is precluded by the Dishonest, Fraudulent, Criminal or Malicious Acts exclusion.

**ANSWER:  Denied.**

## TWELFTH CLAIM

78.    West Bend realleges and incorporates by reference Paragraphs 1-77 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-77 as if fully set forth herein.**

79.    The Policy's Fire Protection and Alarm System Errors & Omissions Endorsement. contains a Fines and Penalties exclusion.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

80.    This exclusion precludes coverage for any civil, criminal, or administrative fines or penalties levied against an insured or anyone working on the insured's behalf.

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

81.    The Underlying Action alleges that Eastwood was issued a citation by the State of Michigan and incurred costs to implement a remediation plan.

**ANSWER:  The Complaint in the underlying action speaks for itself, and any characterization to the contrary is denied. Excel denies any allegation of wrongdoing.**

82.    To the extent the Underlying Action alleges that such fines or penalties are subsequently passed along to or assessed against Excel, coverage for the same is precluded by the Fines and Penalties exclusion.

**ANSWER:  Denied.**

20

### THIRTEENTH CLAIM

83.    West Bend realleges and incorporates by reference Paragraphs 1-82 as if fully set forth herein.

**ANSWER:  Excel realleges and incorporates by reference its Answers to Paragraphs 1-82 as if fully set forth herein.**

84.    The Policy's Commercial Umbrella Liability coverage form provides payment on behalf of an insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage".

**ANSWER:  The Policy speaks for itself and any characterization to the contrary is denied.**

85.    To the extent Excel is not obligated to pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", the Commercial Liability Umbrella Coverage form of the Policy does not provide coverage to Excel for the claims alleged in the Underlying Action and West Bend therefore does not have a duty to defend or indemnify Excel against the claims asserted in the Underlying Action.

**ANSWER:  Denied.**

### AFFIRMATIVE DEFENSES

Excel asserts the following affirmative defenses in this action:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    The allegations of the underlying complaint potentially fall within the coverage afforded by the applicable policy, triggering Plaintiff's duty to defend under Michigan law.

3.    Any ambiguity in the applicable policy must be construed against Plaintiff and in favor of coverage.

4.      Policy exclusions must be strictly construed against the insurer and in favor of the insured.

5.      Plaintiff bears the burden of proving that any policy exclusion bars coverage.

6.      Coverage is available under the applicable policy's Fire Protection and Alarm System Errors and Omissions Endorsement.

7.      Plaintiff's claims may be barred, in whole or in part, by waiver.

8.      Plaintiff may be estopped from denying coverage to the extent its conduct has prejudiced Excel.

9.      Any alleged damages in the underlying action arose from decisions or instructions by Eastwood regarding the scope of work performed.

10.     The allegations of the underlying complaint must be liberally construed in favor of the insured.

11.     Facts outside the pleadings in the underlying action may establish coverage or potential coverage under the applicable policy.

12.     Plaintiff's request for a declaration regarding indemnity is not ripe because the underlying action remains pending and liability and damages have not been determined.

Excel reserves the right to assert additional affirmative defenses as they become known through discovery.

Dated:  March 13, 2026

By:/s/ Carly A. Zagaroli
    Carly A. Zagaroli (P79358)
WARNER NORCROSS + JUDD LLP
150 Ottawa Ave. NW, Ste. 1500
Grand Rapids, MI 49503
(616) 752-2789
czagaroli@wnj.com
*Attorneys for Defendant Excel Fire Protection Company, Inc.*

33948550

22